UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATHANIEL JAMES,

    Petitioner,

v.                                         Case No. 5:02-cv-303-Oc-10GRJ

U.S. PAROLE COMMISSION,

    Respondent.

_____

## ORDER DENYING THE PETITION

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is an inmate at Coleman Correctional Complex, serving a paroleable 30-year sentence imposed in the Southern District of Florida for being a felon in possession of firearms, and a non-paroleable life sentence imposed in the Northern District of Florida for conspiracy to possess with intent to distribute cocaine. Petitioner challenges a decision by the United States Parole Commission (Commission) denying him parole in connection with the Southern District of Florida sentence. In addition, Petitioner contends that the Northern District of Florida sentence is unconstitutional because the indictment failed to allege any drug quantity. Petitioner asserts that the Commission erroneously has relied on that sentence in denying him parole, and that he is entitled to relief in connection with that sentence by way of the 28 U.S.C. § 2255 "savings

clause."

## Factual and Procedural History

The procedural history underlying the Petitioner's sentences is set forth in the Exhibits to the Commission's Response to the Petition. The Petitioner committed the firearms offenses in the Southern District of Florida in 1985 when he gave false information to a firearms dealer and obtained several manual and semi-automatic weapons. See Exhibit A. He initially received a sentence of probation, but his probation was revoked in March 1990 following Petitioner's arrest on drug charges; the sentencing court thereafter imposed a 30-year sentence (five years for each of six counts to run consecutively). In December 1991 Petitioner was convicted of conspiracy with intent to distribute cocaine and cocaine base in the Northern District of Florida, and in January 1992 the court imposed a non-paroleable life sentence, to run concurrently with the 30-year firearms sentence. See id. The presentence report from the Northern District of Florida reflects that the conspiracy took place from 1983 to 1989 and involved hundreds of kilograms of powdered cocaine and between 10 to 15 kilograms of crack cocaine. See Exhibit B.

Petitioner received his initial parole hearing in January 1999. See Exhibit E. Applying the parole guidelines set forth at 28 C.F.R. § 2.20, the Commission rated Petitioner's offense behavior as Category Eight based on his most recent criminal behavior involving a conspiracy to possess and distribute 18.75 kilograms or more of cocaine. Petitioner's salient factor score was seven. The Commission continued

Petitioner to the expiration of his 30-year sentence, and made findings that a decision above the guidelines was warranted because of the duration and scope of the cocaine conspiracy.  See Exhibit F.  Petitioner did not appeal the decision.

Petitioner had an interim parole hearing in January 2001.  See Exhibit G.  At that time, the Petitioner asserted that the Commission was relying on unproven drug quantity information to unlawfully deny him parole.  The Commission ordered no change in the decision to continue the Petitioner to expiration of his sentence.  The Petitioner appealed to the National Appeals Board, contending that the drug quantity information had been obtained from an erroneous presentence report.  The National Appeals Board affirmed.  See Exhibit I.

In December 2002 Petitioner received another interim hearing.  See Exhibit K.  The Commission again ordered no change in the recommendation that Petitioner should be continued to expiration.  This action followed.

## Standard of Review

Judicial review of a decision by the Parole Commission to deny parole is limited.[1]  "So long as there are no violations of any required due process protections and the Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress."[2]  The District Court may review an action of the Parole Commission to

---

[1] Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976).

[2] Stroud v. United States Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982).

determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion.[3] An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations.[4]

## Merits of the Petition

The Petitioner does not assert in the Petition or in his memoranda and other pleadings that the Commission denied him any due process protections in connection with his parole hearings. Petitioner does not contend that it is improper for the Commission to rely on a presentence report in making its findings.[5] Moreover, Petitioner's conclusional assertions do not demonstrate that the information in the presentence report, which the district court adopted, was inaccurate.[6] Petitioner argues that the decision of the Commission was unlawful because it relied on the drug-quantity statements in the presentence report, when his indictment did not allege any drug quantity. Petitioner thus seeks in this proceeding to challenge the sufficiency of the indictment and the constitutionality of his underlying conviction and sentence. However, a petition pursuant to § 2241 in

---

[3] See Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977).

[4] See Zannino v. Arnold, 531 F.2d 687, 690-91 (3rd Cir. 1976).

[5] Such an argument would be unsuccessful. See Coleman v. Honsted, 908 F.2d 906, 907-08 (11th Cir. 1990) (Commission may rely on statements in a presentence report if it finds them accurate for its own purposes, even if the sentencing judge has not relied on such statements).

[6] See Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001) (conclusional assertion that Parole Board relied on false information does not establish due process violation).

this Court is not the proper avenue to challenge asserted errors in an indictment or a presence report; such claims must be raised in the sentencing court unless the Petitioner can demonstrate that he is entitled to relief pursuant to the § 2255 savings clause.[7]

Petitioner previously has challenged his Northern District of Florida conviction and sentence in this Court by way of petitions under § 2241. In James v. Holder, Case Number 5:00-cv-362-Oc-10GRJ, the Petitioner argued that his Northern District of Florida indictment violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because his indictment failed to allege a drug quantity. See Doc. 8, Case No. 5:00-cv-362-Oc-10GRJ. This Court noted that Petitioner had been denied relief under § 2255 in the sentencing court, and determined that Petitioner was not entitled to relief under the savings clause because Petitioner's Apprendi claim did not satisfy the Wofford[8] test for applicability of the savings clause, and even if it did Petitioner could not demonstrate the additional requirement of "actual innocence" in order to obtain relief under the savings clause.[9]

In the same vein, in James v. McKelvy, Case Number 5:04-cv-115-Oc-10GRJ,

---

[7] Section 2255 precludes relief under § 2241 when a Petitioner has been denied relief under § 2255, "unless it also appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."

[8] Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Wofford held that the savings clause applies when (1) the claim is based on a retroactive Supreme Court decision, (2) the decision establishes that the petitioner was convicted for a nonexistent offense, and (3) Circuit law foreclosed the claim at the time the petitioner otherwise should have raised it.

[9] Id. (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).

this Court again determined that Petitioner failed to satisfy the Wofford and Bousley tests for obtaining relief by way of the savings clause in connection with this conviction and sentence. See Doc. 3, Case No. 5:04-cv-115-Oc-10GRJ.

In this case, Petitioner has cited Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), as additional support for his claim that he is entitled to relief under § 2241 by way of the § 2255 savings clause (Doc. 13). However, it is the law of this circuit that Blakely and Booker are not retroactively applicable to cases on collateral review.[10]

## Conclusion

The Petitioner has not demonstrated that his due process rights were violated in connection with the Commission's decision to deny him parole, or that the Commission failed to act within its authority. Accordingly, the Petition is **DENIED with prejudice**. The clerk is directed to enter judgment denying the Petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 13th day of July 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Nathaniel James
   Counsel of Record

---

[10] See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).